IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO. CV 96-0122-N-EJL |
| | ) | NO. CV 91-0342-N-EJL |
| v. | ) | |
| | ) | |
| ASARCO INCORPORATED, et al., | ) | |
| | ) | MEMORANDUM DECISION |
| Defendants, | ) | AND ORDER |
| | ) | |
| COEUR D'ALENE TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASARCO INCORPORATED, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court in the above-entitled matter are multiple motions filed by the parties. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**USA Motions to Strike Expert Reports on Remedy and Motion for Protective Order (Docket No.1353 and 1359).**

USA seeks to strike the expert reports by Defendants' experts that challenge the EPA's remedial decision-making for the Basin beyond the administrative record and for a protective order providing that Plaintiffs need not respond to these specific expert reports.  As indicated by the Court's in its previous order, discovery regarding the EPA''s remedial decision-making for the Basin is subject to discovery and challenge by Defendants.  Accordingly, the motions to strike are denied as are the requests for a protective order.

**Hecla's Motion for Protective Order (Docket No. 1363)**

Hecla moves the Court for a protective order to grant leave to Hecla not to have to respond to certain of the USA's Fourth Set of Interrogatories and Requests for Admissions.  Hecla maintains the admissions requested have already been determined by the Court in the Phase 1 trial and are not relevant to the Phase 2 trial.  The USA argues the requests are relevant to their claim that any allocation of damages for the construction of I-90 should be born by the State of Idaho who owns and maintains I-90.

The Court has reviewed its Order dated September 3, 2003 wherein the Court held the United States was an "arranger" regarding the use of mine tailings during the construction of I-90 as the United States was effectively a joint venturer with the State of Idaho in completing that interstate highway.  This legal conclusion was regardless of the fact that the State of Idaho is the current owner and responsible for maintaining I-90.  The Court further ruled that the issue to be resolved in the Phase 2 trial was whether the mine tailings used in the construction of I-90 were "significant enough

MEMORANDUM DECISION AND ORDER - 2

to be a contributing factor in the Basin." <u>Coeur d'Alene Tribe v. Asarco Inc.</u>, 280 F. Supp.2d 1094, 1133 (D. Idaho 2003). In describing the mine tailings, the Court used the term "qualities of fill used" which for purposes of clarification includes, but is not limited to the quantities of the mine tailings as well as hazardous substance content of the mine tailings used as construction fill.

The Court agrees with the USA that the counterclaim against the United States is an action for contribution pursuant to CERCLA. To the extent the United States is held liable for damages as an arranger, their I-90 liability is joint and several with the State of Idaho, however the State of Idaho is not a party to this current litigation and the apportionment of any liability between the United States and the State of Idaho will have to be resolved in litigation separate and apart from this case. The Court finds the requests for admissions and interrogatories related to the construction of I-90 are not within the knowledge of Defendant Hecla and would force Hecla to defend the State of Idaho regarding the State of Idaho's potential liability regarding the consrtuction of I-90. Such is not a proper use of requests for admissions. Moreover, such admissions are not relevant to the issue of whether the qualities and quantities of construction fill used in the construction of I-90 were a contributing factor to the damages in the Basin. Defendant Hecla's motion for a protective order is granted and Hecla need not respond to the requests for admissions Nos. 235-392 contained in the USA's Fourth Set of Interrogatories and Requests for Admission.

**Hecla's Motion to Strike Phase II Expert Report of Jared N. Day and**

**for Extension of Discovery Deadline (Docket No. 1439)**

This motion to strike Mr. Day's Phase 2 expert report is related to the motion for a protective order regarding the construction of I-90. The Court is familiar with Mr. Day as he testified in the

Phase 1 trial regarding the construction of I-90.  While the Court agrees that much of Mr. Day's Phase 2 expert report will not be re-litigated in the Phase 2 trial, the Court finds it need not strike the expert report.  However, Mr. Day's testimony in the Phase 2 trial will be limited to the relevant issue of whether the mine tailings used during the construction of I-90 were a contributing factor to the damages in the Basin as the Court does not intend to allow the USA to present evidence regarding the alleged liability of the State of Idaho for the construction of I-90 in Phase 2 of the trial.

**Tribe's Motion Suggesting Lack of Subject Matter Jurisdiction to Allocate Trustees' Interests and Seeking Modification of Order Filed September 3, 2003 (Docket No. 1411)**

The Tribe has filed motions requesting that this Court reconsider its initial decision concerning the issue of trusteeship over natural resources.  Asarco and Hecla, the Defendants, oppose the motions suggesting that the same were not timely filed, the Court was correct in its analysis of case law and the interpretation of CERCLA, and the Court should not change a decision which the parties have relied on except in extraordinary situations.  The United States joins in the Tribe's motion.

The Court stated early on that this case was probably going to outlive us all, but in an effort to avoid error, the Court has spent considerable time in reviewing the briefs filed by counsel, analyzing the cases cited in light of the complexities and uniqueness of the CERCLA statute all in hopes of giving a proper interpretation of this remedial statute.

1.  Motion for Reconsideration

The Tribe contends that this Court lacks subject matter jurisdiction to allocate the trustees' interests and seeks modification of the Court's Order dated September 3, 2003 (Docket No. 1271).

MEMORANDUM DECISION AND ORDER - 4

However styled, this motion appears to be motion for reconsideration of the Court's September Order regarding trusteeship.  However, the motion was filed On December 11, 2004, more than a year after the Court issued its September 2003 Order.

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider.  However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984).  Pursuant to Rule 59(e), a motion for reconsideration  must be filed within ten (10) days of the court's order.  It is undisputed this motion was not timely filed as a motion for reconsideration and should be dismissed on this basis.

The Court does not understand why the present motion was not timely filed after the Court's September 2003 ruling or why the Tribe did not seek leave of the Court to have more time to file a motion for reconsideration.  Clearly, the motion is not timely filed as a motion for reconsideration under Rule 59(e) and the motion must be dismissed as a motion for reconsideration.

2.  Subject matter jurisdiction.

Therefore, instead of timely raising the objection in the form of a motion for reconsideration, the Tribe has filed a motion alleging a lack of subject matter jurisdiction as a challenge to jurisdiction can be raised at any time. Kontrick v. Ryan, 540 U.S. 443 (2004).  While it is true a jurisdiction argument can be raised at any time, the present motion fails to raise a valid argument concerning this Court's jurisdiction.

The Tribe argues Congress did not give the court authority via CERCLA to divide trusteeship interests between trustees when there is no dispute among the trustees.  The Tribe directs the Court to a 1992 Memorandum of Agreement between the United States and the Tribe.  Prior to

MEMORANDUM DECISION AND ORDER - 5

the Court's ruling in September 2003, the Court was not aware of the Plaintiffs' 1992 Memorandum of Agreement wherein the Tribe and the United States agreed to share any damages recovered.

The Tribe also argues that allocation is not necessary to avoid res judicata problems with the State of Idaho 1986 settlement which resolved only the State of Idaho's claims within the Basin against Asarco and others. Defendant Hecla has not settled with or been sued by the State of Idaho for damages to natural resources. Since the State of Idaho is not a party to the current litigation, the Tribe argues it would be inappropriate for the Court to allocate a percentage of trusteeship to the State of Idaho.

Section 113(b) of CERCLA grants this Court jurisdiction over all controversies arising under CERCLA. Congress did not limit the Court's ability to determine who satisfies the definition of a trustee of natural resources and whether a party has carried its burden to show it independently qualifies as a trustee. While the Tribe may not agree with the Court's prior ruling, at no time did the Tribe raise the argument that the Court lacked jurisdiction to resolve the issue of trusteeship. The Court is charged under CERCLA with determining the extent a given trustee can recover for damages to natural resources and whether or not trusteeship is capable of being allocated amongst the trustees is clearly within the Court's jurisdiction. The Court finds that Congress did not use any limiting language in CERCLA restricting the Court's subject matter jurisdiction over matters involving the trustees. After all, the parties agree the Plaintiffs should not be allowed to recover damages for injury to natural resources over which they are not a trustee.[1]

3. Sua Sponte Modification of the Court's Prior Order.

_____

[1]In the Tribe's memorandum, the Tribe argues the Court does not have jurisdiction to determine disputed ownership of submerged lands never ceded by the Tribe. The ownership of the submerged lands is not a issue that is before this Court in this CERCLA litigation.

MEMORANDUM DECISION AND ORDER - 6

While the Court finds the challenge to the Court's subject matter jurisdiction meritless, the Court also finds it has inherent power to revise its rulings when justice so requires any time before final judgment has been entered in the case. Pursuant to Fed. R. Civ. P. 54(b):

> [A]ny order or other form of decision however designated, which adjudicates fewer than all the claims or the rights and liabilities of the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Regarding the particular issue of trusteeship, the Court finds after completing further research that it may have been in error with its prior ruling and now seeks to modify the prior ruling so that parties have adequate time to prepare for the issues to be resolved in the Phase 2 trial.

4.   Trusteeship

In the Court's September 2003 Order, the Court determined there can be multiple trustees to a given natural resource, however "a given trustee cannot recover more than what its stewardship [percentage] is determined to be." Coeur d'Alene Tribe v. Asarco Inc., 280 F. Supp 2d 1094, 1116 (D. Idaho 2003). The Court indicated "during the second phase of this trial, the Court will allow the parties to submit evidence to aid the Court in determining the percentages of trusteeship over certain resources: fish, wildlife, biota, water and groundwater." Id. at 1117. The Court now modifies its earlier ruling regarding trusteeship in this case.

Most, if not all, of the appellate courts that have dealt with CERCLA recognize that it certainly is not a model of clarity, but the intent of Congress was to impose strict liability on the responsible parties. The remedial purpose of CERCLA was to give the statute a broad interpretation so as to restore and make whole the environment for the protection of the public and guard against destruction and damages to our natural resources.

MEMORANDUM DECISION AND ORDER - 7

Section 107(f) of CERCLA provides:

> In the case of an injury to, destruction of, or loss of natural resources . . . liability shall be to the United States Government and to any State for natural resources within the State or belonging to, managed by, controlled by, or appertaining to such State and to any Indian tribe for natural resources belonging to, managed by, controlled by, or appertaining to such tribe, or held in trust for the benefit of such tribe. . . .The President, or the authorized representative of any State, shall act on behalf of the public as trustee of such natural resources to recover for such damages.

42 U.S.C. § 9607(f).

In order to prevent double recovery by the trustees, § 107(f)(1) of CERCLA provides in part:

> There shall be no double recovery under this chapter for natural resource damages, including the cost of damage assessment or restoration, rehabilitation, or acquisition for the same release and natural resource

42 U.S.C. § 9607(f)(1).

Upon further reflection and research, this Court finds that its reliance on traditional tort concepts in allocating trusteeship was misplaced and that this type of case is distinguishable from other tort actions.  Under CERCLA the recovery, if any, is not for the benefit of a given party, but goes to the trustee as the fiduciary to accomplish the stated goals.  At first blush, the complexity appeared to lie with the fact that more than one trustee could manage, control, or hold in trust a given natural resource and to avoid a double recovery the Court would have to determine the extent of each trustees' interest and apportion the damage accordingly.  However, as pointed out by Plaintiffs' counsel, if the Court could truly do this there would be no need for the double recovery language in the statute because the situation would never arise.

The language of the statute dictates that a co-trustee acting individually or collectively with the other co-trustees may go after the responsible party or parties for the full amount of the damage,

MEMORANDUM DECISION AND ORDER - 8

less any amount that has already been paid as a result of a settlement to another trustee by a responsible party.  If there is a later disagreement between the co-trustees, that disagreement would have to be resolved by successive litigation between the trustees, but it could in no way affect the liability of the responsible party or parties.

If the Court were to find that the State of Idaho was the sole trustee as to a given natural resource the settlement would be final, but if the State of Idaho is only a co-trustee the settlement cannot bind the other co-trustee or trustees and they could recover whatever is necessary to accomplish the goals of Congress to restore the environment.

In this case, any potential disagreement between the trustees has been eliminated by the fact that the Tribe has agreed to let the United States government represent its interests, the State of Idaho is not a party to the litigation, and the State of Idaho has settled with Defendant Asarco.

While understandably the Defendants are arguing under this interpretation that they are not getting the benefit of their bargain, it is not the responsible parties that are to be benefitted under the concept of strict liability under CERCLA.  There is some incentive to settle, however, because it still saves substantial fees and costs in litigation of this nature and the sums paid are deducted from the total amount allowed for damages.

It is unfortunate that the Court did not pick up on and distinguish the uniqueness of this statute from the traditional notions of tort law early on, but the Court is confident that this has to be the intent of Congress.  Furthermore, if the Court fails to clarify the Court's ruling on this issue now, the only result is that all the parties incur additional expenses re-litigating the issue at a later date.

The Court revises its trusteeship ruling and the scope of the Phase 2 trial.  The Court finds the Plaintiffs are "trustees" for purposes of CERCLA over the federal and tribal land as well as the

MEMORANDUM DECISION AND ORDER - 9

migratory natural resources of: fish, wildlife, birds, biota, water and groundwater based on their involvement in the management and control of such natural resources and applicable federal statutes give the United States trusteeship duties over fish, wildlife and birds. The United States' jurisdiction over navigable waters has previously been discussed and need not be restated in this Order. To the extent damages are awarded, any damages already paid to the State of Idaho and the Tribe will be deducted from the total damages to these natural resources. Phase 2 of the trial will focus on the actual amount of damages that have occurred to the named natural resources and <u>not</u> on the percentage of management or control of the Plaintiffs as trustees.

## Order

Being fully advised in the premises, the Court hereby orders:

1) USA Motion to Strike Expert Reports on Remedy and Motion for Protective Order (Docket No.1353) is **DENIED**.

2) USA's Second Motion to Strike Expert Reports on Remedy and Motion for Protective Order (Docket No. 1359) is **DENIED**.

3) Hecla's Motion for Protective Order (Docket No. 1363) is **GRANTED**.

4) Hecla's Motion to Strike Phase II Expert Report of Jared N. Day and for Extension of Discovery Deadline (Docket No. 1439) is **DENIED IN PART AND GRANTED IN PART** consistent with this Order.

5) Tribe's Motion Suggesting Lack of Subject Matter Jurisdiction to Allocate Trustees' Interests and Seeking Modification of Order Filed September 3, 2003 (Docket No. 1411) is **GRANTED IN PART** consistent with this Order.

MEMORANDUM DECISION AND ORDER - 10

6) To the extent the parties need more time to complete discovery based on this Order, the request is granted. The parties shall have until September 30, 2005 to complete any remaining discovery in this matter.  However, the parties are on notice that the extension of the discovery deadline will not result in continuance of the trial date or motions deadlines.

DATED:  **August 9, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - 11